UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-62162-LEIBOWITZ/AUGUSTIN-BIRCH

**HOWARD COHAN**,

    *Plaintiff*,

v.

**ARK DEERFIELD BEACH, LLC**,

    *Defendant*.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. On December 6, 2024, the Court issued a Scheduling Order in this matter. [ECF No. 5]. The Scheduling Order required the parties to mediate this case no later than March 6, 2025. [*Id.* at 5]. On March 6, 2025, the parties moved for an additional thirty (30) days to mediate this matter. [ECF No. 14]. The Court granted the motion and ordered the parties to complete mediation no later than April 7, 2025. [ECF No. 15]. The Scheduling Order provides that within 7 days of mediation, the parties must jointly file a status report that notifies the Court whether they have settled the case or reached an impasse. [ECF No. 5 at 2]. The Scheduling Order also requires if the parties do not settle, the must immediately file a Conference Report and Joint Proposed Scheduling Order. [*Id.* at 3].

On April 15, 2025, the Court ordered the parties to comply with this Court's Scheduling Order no later than April 18, 2025 as the parties had not yet notified the Court whether they settled the case or reached an impasse. [ECF No. 16]. On April 17, 2025, the parties again moved for an additional thirty (30) days to complete mediation citing Defendant's counsel surgery and hospitalization for the delay. [ECF No. 17 at 2]. The Court granted the motion and ordered the parties to complete mediation no later than May 7, 2025. [ECF No. 18 at 1]. The Court noted that no further extensions will be granted. [*Id.*].

Following that extension, the parties never notified the Court whether they settled the case or reached an impasse in accordance with this Court's Scheduling Order.  [ECF No. 5].  On May 16, 2025, the Court ordered the parties to comply with the Court's Scheduling Order again no later than May 19, 2025.  [ECF No. 19].  The Court noted that failure to do so may result in dismissal of this case without further notice.  [*Id.*].

On May 19, 2025, Plaintiff requested an additional ten (10) days for mediation and cited several issues that the parties have run into in scheduling mediation.  [ECF No. 20].  Plaintiff's counsel notes that he should have brought these issues before the Court sooner.  [*Id.*].  The Court agrees.  The Court now on two occasions has had to remind the parties of their obligations under the Scheduling Order, and the parties have not been diligent in scheduling mediation and the Court will not grant a further extension.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Riddell v. Fla.*, 702 F. App'x 869, 871 (11th Cir. 2017) (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)).  "The decision to dismiss a case for lack of prosecution lies within the trial court's discretion[.]"  *Id.* (citations and internal quotation marks omitted).  Therefore, pursuant to the Court's May 16, 2025, Order [ECF No. 19], this matter is dismissed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to **CLOSE** this case.  Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on May 21, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record